UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

AMY L. WILTSE,

        Plaintiffs,

v.

CAROLYN W. COLVIN,

        Defendants.

CASE NO. 2:16-cv-00164-RAJ-KLS

REPORT AND RECOMMENDATION REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS

NOTED FOR NOVEMBER 4, 2016

Plaintiff has brought this matter for judicial review of defendant's denial of her application for disability insurance benefits ("DIB"). This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule MJR 4(a)(4) and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261 (1976). For the reasons set forth below, the undersigned recommends that the Court reverse defendant's decision to deny benefits and remand this matter for further administrative proceedings.

FACTUAL AND PROCEDURAL HISTORY

Plaintiff applied for DIB alleging she became disabled beginning March 31, 2012. Dkt. 8, Administrative Record ("AR"), 11. Her application was denied on initial administrative review

REPORT AND RECOMMENDATION- 1

and on reconsideration. AR 11. At a hearing held before an Administrative Law Judge ("ALJ"), plaintiff appeared and testified, as did a vocational expert. AR 11. In a written decision, the ALJ determined that plaintiff could perform other jobs existing in significant numbers in the national economy, and therefore that she was not disabled. AR 11-27. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on December 11, 2015, making that decision the final decision of the Commissioner of Social Security (the "Commissioner"). *See* AR 1; 20 C.F.R. § 404.981.

On February 12, 2016, plaintiff filed a complaint in this Court seeking judicial review of the Commissioner's final decision. *See* Dkt. 3. The administrative record was filed with the Court on July 5, 2016. *See* Dkt. 8. The parties have completed their briefing, and thus this matter is now ripe for the Court's review. Plaintiff argues the ALJ's decision should be reversed and remanded for further administrative proceedings because the ALJ erred in evaluating (1) the medical opinions of Drs. Sheela Reddy, M.D. and Susie McDonald, M.D.; (2) plaintiff's credibility; and (3) the lay witness statements. *See* Dkt. 10, p. 1. For the reasons set forth below, the undersigned agrees the ALJ erred in evaluating Drs. Reddy's and McDonald's medical opinions, and therefore in determining plaintiff to be not disabled. Also for the reasons set forth below, however, the undersigned recommends that while defendant's decision to deny benefits should be reversed on this basis, this matter should be remanded for further administrative proceedings.

## DISCUSSION

The Commissioner's determination that a claimant is not disabled must be upheld if the "proper legal standards" have been applied, and the "substantial evidence in the record as a whole supports" that determination. *Hoffman v. Heckler*, 785 F.2d 1423, 1425 (9th Cir. 1986); *see also Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Carr v.*

1  *Sullivan*, 772 F.Supp. 522, 525 (E.D. Wash. 1991). "A decision supported by substantial

2  evidence nevertheless will be set aside if the proper legal standards were not applied in weighing

3  the evidence and making the decision." *Carr*, 772 F.Supp. at 525 (citing *Brawner v. Sec'y of

4  Health and Human Sers.*, 839 F.2d 432, 433 (9th Cir. 1987)). Substantial evidence is "such

5  relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

6  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *see also Batson*, 359 F.3d at

7  1193. The Commissioner's findings will be upheld "if supported by inferences reasonably drawn

8  from the record." *Batson*, 359 F.3d at 1193.

9        Substantial evidence requires the Court to determine whether the Commissioner's

10  determination is "supported by more than a scintilla of evidence, although less than a

11  preponderance of the evidence is required." *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10

12  (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," that decision

13  must be upheld. *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). That is, "[w]here there is

14  conflicting evidence sufficient to support either outcome," the Court "must affirm the decision

15  actually made." *Allen*, 749 F.2d at 579 (quoting *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir.

16  1971)).

17  I.      <u>The ALJ's Evaluation of the Medical Evidence in the Record</u>

18        The ALJ is responsible for determining credibility and resolving ambiguities and

19  conflicts in the medical evidence. *See Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

20  Where the medical evidence in the record is not conclusive, "questions of credibility and

21  resolution of conflicts" are solely the functions of the ALJ. *Sample v. Schweiker*, 694 F.2d 639,

22  642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." *Morgan v. Comm'r

23  of the Social Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999). Determining whether

24  inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and

whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." *Id.* at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." *Reddick*, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Id.* The ALJ also may draw inferences "logically flowing from the evidence." *Sample*, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." *Id.*; *see also Cotter v. Harris*, 642 F.2d 700, 706-07 (3rd Cir. 1981); *Garfield v. Schweiker*, 732 F.2d 605, 610 (7th Cir. 1984).

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. *See Lester*, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." *Batson*, 359 F.3d at 1195; *see also Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002); *Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater

weight than the opinion of a nonexamining physician." *Lester*, 81 F.3d at 830–31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." *Id.* at 830-31; *Tonapetyan*, 242 F.3d at 1149.

A.  *Susie McDonald, M.D.*

Plaintiff maintains the ALJ erred in her treatment of Dr. McDonald's opinion. *See* Dkt. 10, pp. 5-7. Dr. McDonald is plaintiff's treating physician and has treated plaintiff for over ten years. *See* AR 22, 550. Dr. McDonald offered a medical source statement on July 11, 2014. *See* AR 550. She observed that plaintiff has "many medical diseases and complications of those diseases," and opined "[m]any of these medical diseases are chronic and debilitating, limiting her physically and emotionally." AR 550. Dr. McDonald also noted that:

> [Plaintiff] is seeing both a counselor and a psychiatrist for ongoing mental health concerns and is quite limited from poor self-esteem and social phobias. Amy's ability to adapt to change is quite low and change is overwhelming and often paralyzing for her. She has a very low tolerance to stress and is often immobilized by daily activities. She is currently on psychiatric medication.

AR 550.

The ALJ afforded Dr. McDonald's opinion little weight and determined Dr. McDonald's opinion is not "persuasive" for several reasons. AR 22-23. First, the ALJ determined that Dr. McDonald's opinion is of limited probative value "because it does not describe any specific limitations the claimant may have experienced due to her impairments." AR 22. The ALJ also noted "Dr. McDonald's opinion that the impairments are 'debilitating' cannot be offered special significance because it addresses an issue—whether the claimant is disabled—that is reserved to the Commissioner." AR 22 n.4. Second, the ALJ determined that Dr. McDonald's opinion is of limited probative value because it is "inconsistent with the record as a whole." AR 22-23. Third, the ALJ discounted Dr. McDonald's opinion as inconsistent with plaintiff's activities of daily living. AR 23. Finally, the ALJ afforded Dr. McDonald's opinion little weight because she

determined the opinion was "based on claimant's discredited allegations." AR 23. Plaintiff maintains none of the reasons offered by the ALJ to discount Dr. McDonald's opinion is specific and legitimate or supported by substantial evidence. The undersigned agrees.

First, the ALJ determined that Dr. McDonald's opinion is of limited probative value "because it does not describe any specific limitations the claimant may have experienced due to her impairments." AR 22. The ALJ also found "Dr. McDonald's opinion that the claimant was 'quite limited' from her poor self-esteem and social phobias, that her ability to adapt to change is 'quite low,' and that she has 'very low tolerance' to stress, is also not significant probative evidence for similar reasons." AR 22. As an initial matter, the Court finds that Dr. McDonald's statement does contain opinions regarding plaintiff's functional limitations, including that plaintiff's "ability to adapt to change is quite low and change is overwhelming and often paralyzing for her. . .[and] [s]he has a very low tolerance to stress." AR 550. Thus, the ALJ erred in stating that Dr. McDonald did not describe any specific limitations. Regardless, the ALJ's conclusory criticisms that Dr. McDonald's opinion does not constitute "significant probative evidence" fails to constitute a substantive basis for rejecting Dr. McDonald's conclusions. *See Garrison v Colvin*, 759 F.3d 995, 1012-13 (9th Cir. 2014) (noting that "criticizing [opinions] with boilerplate language that fails to offer a substantive basis" is error).

Moreover, the ALJ noted that "Dr. McDonald's opinion that the impairments are 'debilitating' cannot be offered special significance because it addresses an issue—whether the claimant is disabled—that is reserved to the Commissioner." AR 22 n.4. However, according to the Ninth Circuit, "'physicians may render medical, clinical opinions, or they may render opinions on the ultimate issue of disability - the claimant's ability to perform work.'" *Garrison*, 759 F.3d at 1012 (quoting *Reddick*, 157 F.3d at 725). Although "'the administrative law judge is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of

1  disability, [] he cannot reject them without presenting clear and convincing reasons for doing
2  so.'" *Reddick*, 157 F.3d at 725 (quoting *Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993)
3  (other citations omitted)). For "treating sources, the rules also require that [the Social Security
4  Administration makes] every reasonable effort to recontact such sources for clarification when
5  they provide opinions on issues reserved to the Commissioner and the bases for such opinions
6  are not clear to us." SSR 96-5p, 1996 WL 374183, at *2. This Ruling further indicates that
7  "opinions from any medical source on issues reserved to the Commissioner must never be
8  ignored." *See id*. Thus, the ALJ also erred in rejecting Dr. McDonald's opinion that plaintiff's
9  impairments are debilitating. If the ALJ had questions about the bases for Dr. McDonald's
10 medical opinion, the ALJ should have contacted Dr. McDonald for clarification. *See* SSR 96-5p,
11 1996 WL 374183, at *2.

12        Second, the ALJ determined that Dr. McDonald's opinion is of limited probative value
13 because it is "inconsistent with the record as a whole." AR 22-23. The ALJ cited to medical
14 records as examples of apparent inconsistencies with Dr. McDonald's medical opinion. *See* AR
15 23. However, the ALJ did not explain how the medical records contradicted Dr. McDonald's
16 opinion or how they were inconsistencies at all. Thus, the ALJ's statement lacks the specificity
17 required by the Court. As noted by the Ninth Circuit:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. Moreover[,] the ALJ's analysis does not give proper weight to the subjective elements of the doctors' diagnoses. The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations.

23 *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988) (internal footnote omitted); *see also* 20
24 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists

REPORT AND RECOMMENDATION- 7

or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"). Here, the ALJ provided only a conclusory statement finding Dr. McDonald's assessment "inconsistent with the records as a whole." *See* AR 22. The ALJ's blanket statement is insufficient to reject Dr. McDonald's medical opinion. *See Embrey*, 849 F.2d at 421-22; *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (the ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

Third, the ALJ discounted Dr. McDonald's opinion as inconsistent with plaintiff's activities of daily living. AR 23. The ALJ cited plaintiff's daily activities as "playing card games with her family, using a computer for one to two hours daily, and managing her finances without reported difficulties." AR 23 (citations omitted). Claimants need not be "utterly incapacitated" to be eligible for disability benefits (*Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996)), nor should they "be penalized for attempting to lead normal lives in the face of their limitations." *Reddick*, 157 F.3d at 722. Here, the ALJ did not identify what specific activities were inconsistent with Dr. McDonald's opinion and the nature of the alleged conflict. *See* AR 23. The ALJ's failure to explain the nature of the alleged conflict, was error. *See*, *e.g.*, *Burrell v. Colvin*, 775 F.3d 1133, 1138 (9th Cir. 2014). As the ALJ has not explained how plaintiff's limited activities of daily living contradict the symptoms observed by Dr. McDonald, and as Plaintiff should not be penalized for attempting to live a normal life, the ALJ erred in rejecting Dr. McDonald's opinion on this basis.

Fourth, the ALJ afforded Dr. McDonald's opinion little weight because she determined the opinion was "based on claimant's discredited allegations." AR 23. The ALJ cites to a

1  medical record wherein plaintiff called Dr. McDonald's office and requested a letter. *See* AR 23
2  citing AR 556-57. An ALJ may only reject a treating physician's opinion "if it is based 'to a
3  large extent' on a claimant self-reports that have been properly discounted as incredible."
4  *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quotations omitted). However,
5  "when an opinion is *not more heavily* based on a patient's self-reports than on clinical
6  observations, there is no evidentiary basis for rejecting the opinion." *Ghanim v. Colvin*, 763 F.3d
7  1154, 1162 (9th Cir. 2014) (emphasis added) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d
8  1194, 1199-1200 (9th Cir. 2008). Here, the record does not reflect that Dr. McDonald based her
9  medical opinion more heavily on plaintiff's self-reports. Rather, the record reflects that Dr.
10 McDonald treated plaintiff for over ten years, that plaintiff was "well-known" to her, and that
11 she based her opinion on her lengthy history with plaintiff. *See* AR 550.
12      Moreover, the record cited by the ALJ does not reflect that plaintiff instructed Dr.
13 McDonald what to write in her letter. The phone note drafted on July 28, 2014 states "**Reason**
14 **for Contact** needs letter physical impairments – cornea, diabetes, obesity htn limits sitting,
15 standing, lifting, carry and handling mental health decision making, social interaction, sustain
16 concentration, pace and persistence, ability to adapt to change and tolerance to stress." AR 556-
17 57 (emphasis in original). The note is ambiguous regarding whether plaintiff instructed Dr.
18 McDonald what to write. At most, the note suggests that plaintiff identified the topics for Dr.
19 McDonald to write. However, without an adequate explanation in the record—and given Dr.
20 McDonald's extensive treatment history with plaintiff—the record does not demonstrate that Dr.
21 McDonald based her opinion of plaintiff's limitations more heavily on plaintiff's self-reports
22 than on clinical findings and treatment history with plaintiff. Moreover, in light of the ambiguity
23 in the letter and the treatment note, the record does not support a finding that plaintiff instructed
24 Dr. McDonald what to write. Thus, the ALJ's conclusion that Dr. McDonald's opinion was

based largely on subjective complaints and not objective medical findings was not supported by substantial evidence, and therefore was not a valid reason to discount Dr. McDonald's opinion. *See Bayliss*, 427 F.3d at 1214 n.1. Accordingly, none of the ALJ's reasons for rejecting Dr. McDonald's medical opinion are specific, legitimate, and supported by substantial evidence. Thus, the Court concludes that this matter should be remanded to reevaluate the medical opinion of Dr. McDonald, including for further development of the record, if necessary.

      B. *Sheela Reddy, M.D.*

Plaintiff also challenges the ALJ's treatment of Dr. Sheela Reddy's medical opinion. Dkt. 10, pp. 2-5. Dr. Reddy examined plaintiff for a psychiatric evaluation on March 1, 2013. *See* AR 358-62. She reviewed plaintiff's function report, a medical record from Sound Family Medicine, and a medical record from Puyullup Valley Institute. *See* AR 358. Dr. Reddy also charted plaintiff's self-reported medical and family history, social functioning, and activities of daily living. *See* AR 358-61. On mental status examination, Dr. Reddy observed that plaintiff was polite, cooperative, and had no psychomotor agitation or retardation. AR 360. She opined that plaintiff's stream of mental activity and speech were normal, that her thought process was linear, and that plaintiff was dysphoric with a depressed thought content. AR 360. Plaintiff's immediate and five-minute recall were intact for 3/3, and plaintiff correctly answered questions on fund of knowledge. AR 360. Dr. Reddy opined that plaintiff "meets criteria for major depressive disorder, recurrent, moderate." AR 361. Dr. Reddy also opined that plaintiff's "problems are possibly treatable with medication management and regular psychotherapy. The likelihood of recovery remains fair to good." AR 361. As to fund of knowledge, Dr. Reddy opined that plaintiff :

> has the ability to perform simple and repetitive tasks. The claimant has the ability to perform more detailed and complex tasks. The claimant has the ability to accept instructions without any problems. The claimant has the ability to interact

>with coworkers and the public. The claimant at this time would probably have difficult time completing a normal workweek without interruptions from her psychiatric condition. I anticipate the claimant [will] not deal well with the usual stress encountered in a competitive work environment.

AR 361-62.

The ALJ afforded "little weight" to the portion of Dr. Reddy's medical opinion regarding plaintiff's psychiatric condition and her ability to handle stress encountered in competitive work. AR 23. The ALJ determined Dr. Reddy's medical opinion was "unpersuasive because it is inconsistent with Dr. Reddy's own findings, which indicate generally unremarkable cognitive and social functioning." AR 23 *citing* AR 360-61. The ALJ also determined that Dr. Reddy's opinion was "inconsistent with the record as a whole" including therapy reports from Good Samaritan Behavioral Healthcare ("Good Samaritan"). AR 23. Finally, the ALJ concluded that Dr. Reddy's opinion was inconsistent with plaintiff's activities of daily living and her own statements during therapy at Good Samaritan Behavioral Healthcare. AR 23. The ALJ afforded "some weight to the portion of Dr. Reddy's opinion that the claimant can perform simple, routine tasks, accept instructions from supervisors, and interact with coworkers and the public." AR 23. The undersigned finds the ALJ's treatment of Dr. Reddy's opinion is not free from legal error.

First, the ALJ determined Dr. Reddy's medical opinion was "unpersuasive because it is inconsistent with Dr. Reddy's own findings, which indicate generally unremarkable cognitive and social functioning". AR 23. An ALJ may discount the opinion of a treating or examining physician if the opinion is inconsistent with the treating physician's objective examination, findings, and records. *See Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 692 (9th Cir. 2009); *Tonapetyan*, 242 F.3d at 1149 ("our review of the record confirms that [the treating physician's] reports and assessments presented at the hearing contain no objective evidence to support his diagnoses, not even a clinical observation"); *Tommasetti*, 533 F.3d at 1041 (noting an

REPORT AND RECOMMENDATION- 11

ALJ may reject a doctor's opinion where answers on a questionnaire are "inconsistent with the medical records"); *see also Hunt v. Colvin*, 954 F. Supp. 2d 1181, 1189 (W.D. Wash. 2013)("[B]ecause Plaintiff has not shown that the ALJ erred in finding that [the doctor's] opinion was not adequately supported by clinical findings, the ALJ's first reason for discounting [the doctor's] opinion should be affirmed."). Although Dr. Reddy's clinical assessment indicated that plaintiff was polite, cooperative, had no psychomotor agitation or retardation, normal speech and thought process, Dr. Reddy also observed that plaintiff had a general "theme of feeling depressed", a dysphoric mood, and a constricted affect, "on the verge of tears several times." AR 360. The ALJ does not explain how Dr. Reddy's clinical findings are inconsistent with her opined limitations. Indeed, a finding that plaintiff could not handle the normal stressors of the workplace is not inconsistent with plaintiff's tearful and depressed presentation, despite the fact that she was polite and performed relatively well on cognitive functioning. As the ALJ has failed to explain how Dr. Reddy's medical opinion was inconsistent with her clinical findings, the ALJ's first reason for discounting Dr. Reddy's medical opinion was not specific or legitimate.

Second, the ALJ determined that Dr. Reddy's opinion was "inconsistent with the record as a whole" including therapy reports from Good Samaritan and plaintiff's statements in therapy. AR 23. As noted above, the ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. *See Reddick*, 157 F.3d at 722. Here, the ALJ cited to records from Good Samaritan and noted Dr. Reddy's opinion was "at odds with therapy notes from Good Samaritan Behavioral Healthcare, which indicated that the claimant had appropriate appearance, appropriate affect, and normal mood." AR 23 *citing* AR 353. The ALJ also noted that the Good Samaritan records demonstrate that that plaintiff had "good judgment and insight, normal attention and concentration, and normal impulse control." AR 23 *citing* AR 353. Finally, the ALJ noted plaintiff's statements to therapists at Good Samaritan undermine Dr.

1    Reddy's findings. Based upon the ALJ's description, the Court cannot determine how Dr.

2    Reddy's opinion that plaintiff could not handle stress in a normal work week is undermined by

3    her appearance, affect and mood at a visit at another clinic. *See* AR 353. This is particularly true

4    when the next page of Good Samaritan's records indicates plaintiff was experiencing a depressed

5    mood, early insomnia, low energy, poor appetite, hopelessness, mild insomnia, early morning

6    waking, feelings of guilt, agitation, hypersomnia, an anxious mood, excessive worry and

7    rumination, and irritability, which would undermine the ALJ's comparison. *See* AR 354. Thus,

8    without an adequate explanation, the second reason offered by the ALJ to discount Dr. Reddy's

9    opinion lacks the specificity required by the Court and is not supported by substantial evidence.

10   *See Embrey*, 849 F.2d at 421-22.

11           Third, the ALJ determined that Dr. Reddy's opinion was inconsistent with plaintiff's

12   activities of daily living. AR 23. As noted above, an ALJ may properly reject a physician's

13   conclusion that a plaintiff suffers from functional limitations when evidence of claimant's ability

14   to function, including reported activities of daily living, contradict that conclusion *See Morgan*,

15   169 F.3d at 601-02. Here, although the ALJ noted she had already described plaintiff's "robust"

16   daily activities earlier in the decision, the ALJ does not state with specificity what activities of

17   daily living undermine Dr. Reddy's opinion. *See* AR 23. Thus, the ALJ's statement lacks the

18   specificity required by the Court, and is insufficient to reject Dr. Reddy's opinion on the basis of

19   plaintiff's activities of daily living. *See Embrey*, 849 F.2d at 421-22; *McAllister v. Sullivan*, 888

20   F.2d 599, 602 (9th Cir. 1989) (the ALJ's rejection of a physician's opinion on the ground that it

21   was contrary to clinical findings in the record was "broad and vague, failing to specify why the

22   ALJ felt the treating physician's opinion was flawed"). Accordingly, none of the ALJ's reasons

23   for rejecting Dr. Reddy's medical opinion are specific and legitimate, supported by substantial

24   evidence.

II.     This Matter Should Be Remanded for Further Administrative Proceedings

The Court may remand this case "either for additional evidence and findings or to award benefits." *Smolen*, 80 F.3d at 1292. Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). Thus, it is "the unusual case in which it is clear from the record that the claimant is unable to perform gainful employment in the national economy," that "remand for an immediate award of benefits is appropriate." *Id.*

Benefits may be awarded where "the record has been fully developed" and "further administrative proceedings would serve no useful purpose." *Smolen*, 80 F.3d at 1292; *Holohan v. Massanari*, 246 F.3d 1195, 1210 (9th Cir. 2001). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076–77 (9th Cir. 2002). Because issues still remain in regard to the medical opinion evidence in the record and plaintiff's ability to perform other jobs existing in the national economy, remand for further consideration of these issues is warranted.

## CONCLUSION

Based on the foregoing discussion, the undersigned recommends the Court find the ALJ improperly concluded plaintiff was not disabled. Accordingly, the undersigned recommends as well that the Court reverse the decision to deny benefits and remand this matter for further administrative proceedings in accordance with the findings contained herein.

1       Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure ("Fed. R. Civ. P.")
2 72(b), the parties shall have **fourteen (14) days** from service of this Report and
3 Recommendation to file written objections thereto. *See also* Fed. R. Civ. P. 6. Failure to file
4 objections will result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*,
5 474 U.S. 140 (1985). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk
6 is directed set this matter for consideration on **November 4, 2016**, as noted in the caption.

7       DATED this 19th day of October, 2016.

                                      Karen L. Strombom
                                      United States Magistrate Judge